UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America,           )<br>                                                   )<br>                          Plaintiff,   )<br>v.                                                )<br>                                                   )<br>Debra Lynn Morris,                    )<br>                                                   )<br>                          Defendant.  )<br>_____ ) | Cr. No.:  7:02-cr-00128-GRA-1<br><br>**ORDER**<br>(Written Opinion) |

This matter is before the Court on Defendant Debra Lynn Morris' ("Defendant") Motion to Reduce Sentence filed on March 22, 2013.[1]  Defendant now asks this Court to reduce her sentence based on evidence of her post-sentencing rehabilitation pursuant to the United States Supreme Court's decision in *Pepper v. United States*, 562 U.S. ___, 131 S.Ct. 1229 (2011).  For the reasons stated below, Defendant's motion is DENIED.

## Background

On November 7, 2002, Defendant was sentenced by this Court to 200 months imprisonment for conspiracy to distribute and dispense Oxycodone and Methadone in violation of 21 U.S.C. § 846; being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g) and 924(a)(2); and for threatening and attempting to cause bodily injury to another for providing a law enforcement officer information relating to the commission and possible commission of a Federal offense in violation of 18 U.S.C. § 1513(b)(2).  *See* ECF No. 57.  Defendant appealed to the Fourth Circuit

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Court of Appeals, and the Fourth Circuit affirmed her conviction and sentence on June 27, 2003. ECF No. 73.

## Standard of Review

Defendant brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## Discussion

Under 18 U.S.C. § 3582(c), a court may only modify a defendant's sentence once it is imposed based on the limited circumstances enumerated in the statute.[2]

---

[2] 18 U.S.C. § 3582(c) states that a court "may not modify a term of imprisonment once it has been imposed except that—"

   (1) in any case—
       (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
           (i) extraordinary and compelling reasons warrant such a reduction; or
           (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
           and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
       (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
   (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Post-sentencing rehabilitation is not among the grounds listed in the statute, and none of the other grounds apply to this case. Nevertheless, Defendant contends that her sentence can be modified pursuant to the Supreme Court's decision in *Pepper v. United States*, 562 U.S. ___, 131 S.Ct. 1229 (2011). Defendant's reliance on *Pepper* is misplaced.

In *Pepper*, the Supreme Court held that "when a defendant's sentence *has been set aside on appeal and his case remanded for resentencing*, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Pepper*, 562 U.S. at ___, 131 S. Ct. at 1241 (emphasis added). Thus, rehabilitation may be considered by a court while a defendant is being sentenced or resentenced, but it may not be used as an independent ground for a defendant to obtain a resentencing. *See United States v. Edmondson*, 799 F. Supp. 2d 1297, 1299 (M.D. Ala. 2011) (finding that "while rehabilitation may be a ground the court can consider if it is in the midst of sentencing or resentencing, rehabilitation is not a justification for the court to resentence the defendant in the first place"); *United States v. Yates*, No. 02-30021, 2011 WL 6140654, at *3 (C.D. Ill. Dec. 9, 2011) (holding that *Pepper* does "not provide an independent basis" for resentencing when a defendant's sentence has not been set aside on appeal); *see also Cole-El v. United States*, No. 09-CV-3495 (SJ), 2011 WL 1790822, at *3 n.8 (E.D.N.Y. May 10, 2011) (stating that *Pepper* does not apply to defendants whose sentences have been upheld on appeal).

Here, Defendant's sentence was affirmed on appeal and was not set aside or remanded. See ECF No. 73. Therefore, while the Court commends Defendant for her rehabilitative efforts, *Pepper* is inapplicable and Defendant's Motion to Reduce Sentence must be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March 28, 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**